CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

December 09, 2024
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC JAMES JONES,<br>　　Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA,<br>CULPEPER COUNTY, *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action Nos. 7:24-cv-00659<br><br>By: Elizabeth K. Dillon<br>　Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eric James Jones, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that James has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." "Notwithstanding any filing fee, or any portion thereof, that may have been paid,[1] the court shall dismiss the case at any time," 28 U.S.C. § 1915(e)(2), if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. § 1915(e)(2)(i)–(iii). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim

---

[1] Plaintiff has paid the full filing fee, but this action is still subject to screening and dismissal under the Prison Litigation Reform Act.

cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Jones's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that he is in prison due to an instance of mistaken identity. He claims that the information used in processing his sentence includes the wrong birth date and social security number. (*See* Compl. 2.) Plaintiff states that he "would think that this should be overturned or thrown out. Somewhere someone else has charges against them and it's not them it was me!" (*Id.* at 3.) No dates or case numbers are listed in reference to an apparent conviction that plaintiff appears to be challenging. To the extent that plaintiff seeks damages, this action would appear to be barred by *Heck v. Humphrey*, in which the Supreme Court held that a plaintiff cannot receive damages or equitable relief through a § 1983 action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486–87 (1994). On the other hand, if Jones is trying to pursue a collateral attack on an unspecified criminal conviction, a § 1983 action is not the correct vehicle for such a pursuit. A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement. This matter appears to fall in the latter category, not the former, so § 1983 is the wrong statute for plaintiff to pursue such relief.

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's claims are dismissed without prejudice. It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court. The Clerk shall transmit a copy of this opinion and order to plaintiff.

Entered: December 9, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge